ZIEMKE (HERBERT), Respondent, vs. FABER and others, Appellants.

*March 2—June 2, 1936.*

*Geo. W. Taylor* of Kenosha, for the appellants.

For the respondent there was a brief by *Gittings, Janecky & Buelow* of Racine, and oral argument by *Earl F. Buelow.*

The following opinion was filed March 31, 1936:

FOWLER, J.   This is an automobile collision case.   The same facts are involved as in the case of Emilie Ziemke against the same defendants, *ante,* p. 512, 266 N. W. 217. The two cases were tried together and the two judgments rest upon the same verdict.   The plaintiff herein was the driver of one of the cars involved in the collision and the defendant Robert Faber was the driver of the other.   The plaintiff herein recovered judgment on the findings of the jury as to Faber's negligence.   We ruled in the other case that there was no evidence to support the findings of the jury in that respect.   That ruling requires dismissal of the plaintiff's complaint.   The opinion in that case is referred to in support of such dismissal.

The defendant Millie Faber was the owner of the automobile driven by the defendant Robert Faber.   She counter-

claimed against the plaintiff for the damages received by her car in the collision. Those damages were assessed by the jury at $150. No fault is found with this assessment. She claims that judgment should have been entered in her favor for the damages so assessed.

The facts supporting her right of recovery if the plaintiff's negligence caused the collision are entirely without dispute. She owned the automobile driven by Robert Faber, who was her son. Robert was a minor twenty years of age. He was employed as a farm hand a few miles from his mother's home. The collision occurred on July 4th. Robert was spending the day at the home of his mother. In the afternoon his mother permitted him to take the car to go to the farm where he was employed to do his chores. The collision occurred while he was on the way home after finishing them.

From the facts above stated, it is apparent that Mrs. Faber is entitled to recover the damages assessed if the plaintiff was negligent. The opinion in the companion case is referred to for a statement of the facts bearing upon the question of his negligence. It was stated in that opinion, and it is here decided, as matter of law, that the plaintiff was guilty of negligence that proximately caused the collision. It follows that Mrs. Faber is entitled to judgment upon her counterclaim.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment dismissing the plaintiff's complaint, and to enter judgment upon the counterclaim of Millie Faber for the damages assessed by the jury.

A motion for a rehearing was denied, without costs, on June 2, 1936.